IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Angela Maher, On Behalf of Herself and all others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Intermodal Bridge Transport Inc., and Jerry Joyner, *individually*,<br><br>Defendants. | Case No.: 2:26-cv-4088-RMG<br><br>COLLECTIVE ACTION COMPLAINT<br>(Jury Trial Requested) |

Plaintiff, Angela Maher ("Ms. Maher"), on behalf of herself and all other similarly situated employees files this Complaint against Intermodal Bridge Transport ("IBT") and Jerry Joyner ("Joyner") through her undersigned attorney, and respectfully alleges unto this Honorable Court as follows:

**NATURE OF CLAIM**

1. This is an action for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA). Defendants engaged in a practice of wage theft by failing to pay Plaintiff time and a half when she worked over forty (40) hours in a workweek.

2. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and all similarly situated employees who suffered damages because of Defendants' violations of the FLSA.

**PARTIES AND JURISDICTION**

3. Plaintiff Angela Maher is a citizen and resident of Dorchester County, South Carolina.

4. Defendant IBT is a for-profit Delaware corporation registered with the South Carolina Secretary of State doing business in the Charleston Division.

5. Upon information and belief Defendant Joyner is employed by IBT he works in the company's Charleston location and lives in Charleston County.

6. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, as this action arises under the laws of the United States.

7. This Court has jurisdiction, because that claim arises out of the same transaction or occurrence as the federal claim alleged herein.

8. Venue is proper in this District and Division because Defendants conduct substantial, continuous, and systematic commercial activities in Charleston County, South Carolina, and because the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Charleston Division of this Court.

9. At all times pertinent to this Complaint, Defendants were engaged in interstate commerce or in the production of goods for interstate commerce as defined by the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

10. Defendants are "employers" of Plaintiff and similarly situated employees as that term is defined by the FLSA, 29 U.S.C. § 203(d).

**FACTUAL ALLEGATIONS**

11. Defendant IBT specializes in the movement of cargo in containers and trailers from major ports and inland railroad hubs to customers' places of business, with operations located in South Carolina, North Carolina, California, Illinois, Georgia; and New Jersey.

12. Defendant Joyner serves as Assistant Vice President of IBT's Southeast Region. Joyner performs his duties from, IBT's Charleston, South Carolina location.

13. Plaintiff was employed as a Dispatcher in IBT’s Charleston, South Carolina location from June 2021 until June 2, 2026.

14. Defendant Joyner is Plaintiff’s supervisor and is individually liable as Plaintiff's and similarly situated Dispatchers' "employer" under the FLSA because he: (1) had the power to hire and fire employees; (2) supervised and controlled their work schedules, job duties, and conditions of employment; (3) determined their rate and method of payment; and (4) maintained their employment records.

15. Although Spherion Staffing ("Spherion") assigned Plaintiff to IBT as a staffing agency placement and handled her payroll, Plaintiff was jointly employed by both entities. IBT owned and controlled the premises where Plaintiff worked, set her rate of pay and schedule, supervised her day-to-day work, maintained her timesheets and employment records.

16. IBT retained authority to hire, discipline, and terminate Plaintiff establishing IBT as Plaintiff's joint employer under the FLSA notwithstanding Spherion's role as the assigning agency.

17. At all relevant times, Plaintiff and similarly situated Dispatchers served as Dispatchers for IBT. Their primary duties included coordinating truck driver dispatch and scheduling, communicating with drivers and customers regarding container pickups and deliveries, and performing related administrative and logistics tasks necessary for IBT's operations.

18. Plaintiff and the other Dispatchers employed by IBT performed the same or substantially similar job duties and responsibilities, were subject to the same policies and scheduling requirements, and were paid on an hourly basis.

19. Plaintiff and similarly situated Dispatchers were hourly, non-exempt employees who were entitled to receive overtime compensation at a rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in a workweek.

20. Plaintiff and similarly situated Dispatchers regularly worked shifts beginning as early as 5:00 a.m. and extending until 3:00 or 4:00 p.m., and sometimes longer.

21. Plaintiff and other similarly situated Dispatchers were also regularly required to work on Saturdays and were frequently contacted and required to perform work-related tasks on Sundays and other days they were not formally scheduled.

22. Plaintiff and similarly situated Dispatchers regularly worked between ten (10) and eighteen (18) hours of overtime each week. Prior to January 2025, Defendants regularly compensated Plaintiff and similarly situated Dispatchers for the overtime hours they worked.

23. Beginning in or around January 2025, Defendants informed Plaintiff and similarly situated Dispatchers that they would not be paid overtime compensation, citing alleged financial constraints at the terminal.

24. Despite this directive, Defendants continued to demand the same hours and workload that had consistently generated overtime. Plaintiff and similarly situated Dispatchers continued to work between ten (10) and eighteen (18) hours of overtime per week performing the same duties, on the same schedule, under the same supervision without compensation for those hours.

25. The demands of the Dispatcher role including coordinating driver dispatch and scheduling, managing container pickups and deliveries, and responding to time-

sensitive operational needs could not be completed within a standard forty (40) hour workweek.

26. Following the January 2025 policy change, Defendants rarely compensated Plaintiff and similarly situated Dispatchers for overtime hours worked, notwithstanding that their hours and workload remained unchanged.

27. Plaintiff and other similarly situated Dispatchers performed all overtime work openly, on Defendants' premises, during Defendants' normal operations, and at the direction of Defendants' supervisors and management personnel. Defendants, through their supervisors and management, were present, observed, and were aware that Plaintiff and other similarly situated Dispatchers were working in excess of forty (40) hours per week.

28. Defendants nonetheless failed and refused to compensate Plaintiff and other similarly situated Dispatchers at the overtime rate required by the FLSA for all hours worked in excess of forty (40) per week.

29. Defendants failed to keep accurate records of all hours actually worked by Plaintiff and similarly situated Dispatchers, in violation of the FLSA's recordkeeping requirements, 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2.

30. Defendants' conduct, as alleged herein, was willful within the meaning of 29 U.S.C. § 255(a).

## FOR A FIRST CAUSE OF ACTION
**(FLSA – Unpaid Overtime Wages)**
**(Class and Individual claims)**

31. Plaintiff realleges and incorporates by reference all preceding paragraphs as if specifically set forth herein.

32. Section 207(a) of the FLSA requires employers to compensate employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

33. Plaintiff and similarly situated Dispatchers, were non-exempt employees entitled to overtime compensation for hours worked in excess of forty (40) hours per week.

34. Plaintiff routinely worked in excess of forty (40) hours during her workweeks.

35. Defendants failed to compensate Plaintiff and similarly situated Dispatchers in accordance with the FLSA's overtime provisions for hours they worked in excess of forty (40) hours per week.

36. Defendants' conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

37. As a result of Defendants' violations of the FLSA, Plaintiff and similarly situated Dispatchers are entitled to recover unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and similarly situated Dispatchers seek judgment against Defendants as follows:

**a)** An Order requiring Defendants to preserve employment records, including payroll and time records, during the pendency of this action;

**b)** A Declaratory Judgment finding that Defendants violated the FLSA;

**c)** A Declaratory Judgment that Defendants' violation of the FLSA was willful;

**d)** Judgment against Defendants for all unpaid overtime wages at one and one-half times Plaintiff's and similarly situated Dispatchers regular rate of pay;

**e)** Liquidated damages in an amount equivalent to the unpaid overtime wages owed to Plaintiff and similarly situated Dispatchers;

**f)** An award of pre-judgment and post-judgment interest;

**g)** An award of reasonable attorney's fees and costs;

**h)** All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiff and similarly situated Dispatchers hereby demand a trial by jury.

Respectfully submitted,

**s/Marybeth Mullaney**
Marybeth Mullaney (Fed ID No. 11162)
Mullaney Law, LLC
4900 O'Hear Ave
North Charleston, SC 29405
P: (843) 588-5587
marybeth@mullaneylaw.net
*Attorney for Plaintiff*

September 14, 2026
North Charleston, South Carolina.